UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DANIEL RYAN GARNER**                                                                                   **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:24-CV-P26-JHM**

**JAILER KEN CLAUD**                                                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide Plaintiff the opportunity to file an amended complaint.

**I.**

Plaintiff Daniel Ryan Garner is incarcerated as a convicted prisoner at Calloway County Jail (CCJ). He sues CCJ Jailer Ken Claud, Lt. Donald Underwood, and Nurse Leesia Smith. He sues Defendants Claud and Underwood in their official capacities only and does not indicate in what capacity he sues Defendant Smith.

Plaintiff makes the following allegations in the complaint:

On January 11th 2024, I was attacked by another inmate on camera. The incident last approx. 10-15 minutes while all cameras are supposed to be monitored at all times. I requested medical treatment from a deputy and had to again request it 1½ later. At that time, I was taken to the E.R. I had CT scan ran and found multiple fractures to the bones around my left eye. I was released with follow up instructions to be seen again within 3-5 days. On day 5 after pleading, writing med. request, and even filing a grievance the nurse finally seen me and said she was goin to call and make an appointment the next day so I could be seen no later than 5 days, and surgery was going to be needed most likely. Day 8 I still have not seen a dr. and my face continues to go numb, vision blurred, and jaw barely opens without cracking. I reported that I experienced symptoms of concussion or other problem but was ignored. Multiple days in a row I requested to have access to a phone to Lt. Underwood to call my attorney. That availability still have not been made as I'm in a detox cell for medical observation.

(DN 1). As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  *Official-Capacity Claims*

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Claud and Underwood are actually against their employer, Calloway County. A municipality such as Calloway County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Calloway County. Thus,

Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Plaintiff did not sue any Defendant in his/her individual capacity. The Court will nonetheless consider such claims.

### 1. Jailer Claud

Although Plaintiff makes no specific allegations against Jailer Claud, the Court broadly construes the complaint as asserting an Eighth amendment failure-to-protect claim against him based upon Plaintiff's allegation that he was attacked by another inmate for 10 to 15 minutes in view of surveillance cameras that should have been monitored by a CCJ official at all times.

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the prisoner. *Farmer*, 511 U.S. at 834; *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 576; *Greene v. Barber*, 310

F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's allegations do not give rise to a reasonable inference that Defendant Claud played any role in whether the surveillance camera at issue was being appropriately monitored during the time of the attack. Thus, the complaint fails to allege that Defendant Claud acted with deliberate indifference to Plaintiff's safety. This means that any individual-capacity claim against Defendant Claud would fail to state a claim upon which relief may be granted. *See, e.g.*, *Alderson v. Concordia Parish Corr. Facility*, 848 F. 3d. 415, 421 (5th Cir. 2017) (dismissing similar claim where the plaintiff failed to allege that the supervisory officials were personally responsible for monitoring the cameras); *Huggler v. Mont. DOJ*, CV 19-00039-BLG-SPW-TJC, 2020 U.S. Dist. LEXIS 76385, at *8-9 (D. Mont. Feb. 19, 2020) (dismissing failure-to-protect claim against the defendant sheriff because the plaintiff did not allege that the sheriff had knowledge that the cameras were not being monitored during his attack).

### 2. Lt. Underwood

Plaintiff's only allegation against Defendant Underwood is that he did not allow Plaintiff to call his attorney while he was in the detox cell on medical observation. The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Plaintiff indicates that he is a convicted prisoner and does not identify any criminal case or appeal in which he is attempting to proceed. "Where a convicted prisoner 'fails to allege that he was subject to any further criminal charges or that he was currently in the process of an appellate or collateral attack on his conviction during the relevant time,' the prisoner fails to set forth a plausible Sixth Amendment claim." *Rollins v. Lane*,

No. 4:22CV-P162-JHM, 2023 U.S. Dist. LEXIS 77063, at *8-9 (W.D. Ky. May 3, 2023) (quoting *Ortiz-Medina v. Bradley*, No. 1:19-cv-2133, 2020 U.S. Dist. LEXIS 10715, at *17-18 (M.D. Pa. Jan. 22, 2020)); *see also Love v. N.J. Dep't of Corr.*, No. 14-5629 (SDW), 2015 U.S. Dist. LEXIS 61678, at *13 (D.N.J. May 12, 2015).

However, even if Plaintiff's Sixth Amendment rights did attach during the relevant period, he has still failed to state a claim because he has not alleged that he did not have adequate, alternative means of communicating with his attorney. *See Stamper v. Campbell Cnty.*, No. 2007-49 (WOB), 2009 U.S. Dist. LEXIS 63958 (E.D. Ky. July 24, 2009) (collecting cases).

Thus, even if Plaintiff had sued Defendant Underwood in his individual capacity, Plaintiff's claim against him would fail.

### 3. Nurse Smith

As to Defendant Smith, Plaintiff states that he received discharge instructions from the hospital stating that he should be seen by a doctor again within three to five days. He alleges that Defendant Smith told him that she "was goin to call and make an appointment the next day so I could be seen no later than 5 days, and surgery was going to be needed most likely. Day 8 I still have not seen a dr. and my face continues to go numb, vision blurred, and jaw barely opens without cracking."

Upon consideration, the Court concludes that if Plaintiff had sued Defendant Smith in her individual capacity it would have allowed an Eighth Amendment claim for deliberate indifference to a serious medical need to proceed against her. Thus, the Court will provide Plaintiff the opportunity to amend his complaint to indicate that he would like to sue Defendant Smith in her individual capacity. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend

his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's official-capacity claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED that on or before <u>May 15, 2024</u>, Plaintiff may file an amended complaint to clarify that he is suing Nurse Smith in her individual capacity.** <u>If Plaintiff files such an amended complaint, the Court will allow an Eighth Amendment claim for deliberate indifference to a serious medical need to proceed against her.</u> If Plaintiff fails to file an amended complaint within the time allotted, the Court will dismiss this action for the reasons stated herein.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a copy of the second page of his complaint (DN 1) with this case number and the words "Amended Complaint" written in the caption.

Date: April 12, 2024

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011